An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-790

Filed 5 August 2026

Henderson County, No. 22CVS001859-440

EDWARD LEE FAZZI and wife, CHRISTINE BURNS-FAZZI, Plaintiffs,

v.

ARTHUR S. LEBOWITZ, Individually, and as Co-Trustee of The Arthur S. Lebowitz Living Trust Dated March 16, 2020, and as Co-Trustee of the Rebecca L. Lebowitz Living Trust Dated March 16, 2020, REBECCA L. LEBOWITZ, Individually and as Co-Trustee of the Authur S. Lebowitz Living Trust Dated March 16, 2020, and as Co-Trustee of the Rebecca L. Lebowitz Living Trust Dated March 16, 2020, AUSTIN BOLEMAN, AND AFFORDABLE INSPECTIONS, INC.

and

TERRI EISENHAUER, Individually, MOUNTAIN PROPERTIES LLC, and KELLER WILLIAMS REALTY, INC., t/d/b/a KELLER WILLIAMS REALTY MOUNTAIN PARTNERS, Defendants.

Appeal by plaintiff-appellants from order entered 17 February 2025 by Judge Robert C. Ervin in Henderson County Superior Court. Heard in the Court of Appeals 25 February 2026.

*Caudle & Spears, P.A., by Christopher P. Raab, and Smathers & Smathers, Attorneys at Law, by Patrick U. Smathers, for plaintiffs-appellants.*

*Dowling PLLC, by Troy D. Shelton, and William L. Gardo, II, for defendants-appellees.*

DILLON, Chief Judge.

In this case, we consider whether fraud was involved in the selling of a house and whether the defendants knew there was unrepaired water damage in the house at the time of the sale. For the reasoning below, we affirm.

## I. Background

Plaintiff-appellants Edward Lee Fazzi and his wife, Christine Burns-Fazzi, (collectively "Plaintiffs") filed suit against Authur S. Lebowitz and his wife, Rebecca L. Lebowitz (collectively "Defendants"), for alleged fraud and breach of contract after Plaintiffs purchased a house from Defendants.

The facts of the case as presented at trial are as follows: Defendants moved into the house at issue in December 2011. In 2013, Defendants noticed water in the first-floor alcove, located by the golf cart garage. Defendants hired the contractor who built the house to do the repairs. In August 2016 and November 2016, Defendants noticed water again in the same area. Both times they made the necessary repairs to resolve the water intrusion issue. In November 2020, Defendants replaced five windows in the house. In April 2021, a water leak caused water stains to appear in the golf cart garage. Defendants hired a contractor to fix

the issue and repair the damage.

In June 2021, Defendants placed the house for sale, signing a North Carolina Residential Property and Owners' Association Disclosure Statement stating they had no actual knowledge of the following: problems, malfunctions, or defects with the foundation, slab, fireplaces, floors, windows, doors, ceilings, interior or exterior walls, attached garage, patio, deck, or other structural components; leakage or other problems with the roof; or water seepage, leakage, or dampness.

Plaintiffs made an offer to purchase the house from Defendants in December 2021, which was accepted by Defendants. Their agreement allowed Plaintiffs a fifteen-day due diligence period to inspect the house. Plaintiffs hired a licensed home inspector to inspect the house. The home inspector provided Plaintiffs with a forty-two-page inspection report. The home inspector did not raise any issues or concerns regarding water damage or moisture in the report. In February 2022, Plaintiffs purchased the house.

After closing, Plaintiffs hired a contractor to remodel the house. The contractor, however, discovered severe water damage and rotted wood in the walls.

Plaintiffs filed a complaint against Defendants for fraud and breach of contract. Defendants moved for summary judgment.[1]

After a hearing on the matter, the trial court entered an order granting

---

[1] Plaintiffs also asserted claims against the home inspector ("Inspector") and against Defendants' real estate brokers (the "Brokers"). These claims were settled prior to the summary judgment hearing.

Defendants' motion for summary judgment. Plaintiffs appealed.[2]

## II. Analysis

Plaintiffs raise three issues on appeal. For the reasoning below, we conclude the trial court properly determined Plaintiffs failed to show there was a genuine issue of material fact concerning one of the elements of its claim. Specifically, Plaintiffs failed to forecast evidence from which a jury could determine Defendants knew of the water issues when they signed the Disclosure Statement.

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *Cullen v. Logan Developers, Inc.*, 386 N.C. 373, 377 (2024) (citing N.C.G.S. § 1A-1, Rule 56(c) (2023)).

In their first argument, Plaintiffs contend the trial court erred in granting summary judgment for the fraud claim because there was a material dispute regarding whether Defendants had actual knowledge that the water intrusion problem was ongoing when they signed the Disclosure Statement. We disagree.

Here Defendants submitted affidavits swearing they had no actual knowledge of current water issues when they signed the Disclosure. Plaintiffs offered no evidence showing Defendants did have actual knowledge. However, Plaintiffs

---

[2] To the extent the notice of appeal was not properly filed, in our discretion we grant *certiorari* to hear the merits of this case.

correctly point out that summary judgment is not appropriate where the credibility of the affiant is an issue, an issue to be sorted out by a jury. *See*, *e.g.*, *Kidd v. Early*, 289 N.C. 343, 370–71 (1976). However, our Supreme Court has held that the entry of summary judgment is still appropriate where "there are only latent doubts as to the affiant's credibility." *Id.* at 270.

Here, it is true Defendants had a motive to lie about any knowledge. However, based on the evidence at the summary judgment hearing, we conclude that any doubt regarding Defendants' credibility can only be characterized as latent. Specifically, it is undisputed that Defendants hired two licensed contractors on different occasions who repaired leak problems for Defendants and had told Defendants that they saw no signs of leak issues following the repairs. There is no evidence which would have put Defendants on notice that there were still leak issues after the repairs had been performed and Defendants had been assured by their licensed contractors that the issues appear to have been resolved. Further, we note the evidence that Plaintiff's inspector thoroughly inspected the house and did not discover any issues. We conclude, based on these facts, the trial court did not err by granting summary judgment for Defendants. For the reasoning stated in Defendants' brief, the facts of this case are clearly distinguishable from *Cummings v. Carroll*, 379 N.C. 347 (2021), a case relied on by Plaintiffs, a case where a seller relied on the representations of a painter he had hired to conceal leak stains. Rather, the facts are more akin to a published, post-*Cummings* opinion from our Court, *Eberhardt v. Meletich*, 300 N.C.

App. 126 (2025), where we affirmed the grant of summary judgment against a real estate broker who did not disclose a flooring issue, where there was no evidence which would have put the broker on notice that the issue had not, in fact, been repaired.

A buyer is always free to ask for a representation from the seller regarding *past* issues. And the seller is generally free to refuse to make any representation. However, here nowhere in the Disclosure Statement did it ask Defendants to disclose prior issues which had previously been resolved, nor did Plaintiffs inquire about previous issues with the house.

In any event, based on our conclusion that Plaintiffs failed to forecast evidence to put at issue that Defendants had actual knowledge of the water issues, we need not address Plaintiffs other arguments.

AFFIRMED.

Judges ARROWOOD and STADING concur.

Report per Rule 30(e).